UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCURAY INCORPORATED,<br><br>        Plaintiff,<br><br>    v.<br><br>CARE LG 2016 HOLDINGS, LLC,<br><br>        Defendant. | Case No. 23-cv-05713-DMR<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 5 |

Plaintiff Accuray Incorporated ("Accuray") brings this contract action against Defendant Care LG 2016 Holdings, LLC ("Care LG"). Care LG now moves to dismiss. [Docket No. 5 ("Mot.")]. The only issue before the court is whether Accuray filed its action within the statute of limitations. This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the following reasons, the motion to dismiss is denied.

**I.      BACKGROUND**

Defendant removed this action from the Santa Clara Superior Court on September 13, 2023. [Docket No. 1 (Notice of Removal)]. The complaint, filed as Exhibit B to the Notice of Removal, was difficult to read. [Docket No. 1-1.] On April 2, 2024, the court ordered Plaintiff to file a more legible copy of the complaint and all attachments. [Docket No. 27.] Plaintiff did so. [Docket Nos. 28 (Letter from Plaintiff's Counsel, April 3, 2024, "Counsel Letter"); 28-1 (Copy of Complaint, "Compl.").] Included in the new copy of the complaint are two pages which Plaintiff says were "inadvertently excluded from" Exhibits B and H filed with the original complaint. Counsel Letter. The two added pages are incorporated by reference into the complaint because they were intended to be attached to the complaint and are clearly part of the contract at issue. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Accuray is a Delaware corporation. Compl. ¶ 1. Care LG is a Florida limited liability

1  company with its principal place of business in Florida. *Id.* at ¶ 2. This action arises from Care
2  LG's agreement to purchase a piece of medical equipment called a "TomoTherapy TomHDA
3  Treatment System" from Tomotherapy Incorporated, a subsidiary of Accuray. *Id.* at ¶¶ 7-11; Exs.
4  A-E. The agreement underwent multiple amendments and assignments, none of which are
5  relevant to this motion. *Id.*
6        On November 2, 2017, the parties entered into a payment schedule regarding an
7  outstanding balance of $2,236,900 that Care LG owed to Accuray:

- [Care LG] will pay Accuray a payment of $1,400,000.00 by 11/03/2017 ("Month 1")
- Monthly Payments of $50,000.00 starting February 2018 over the next 16 months ("Months 2-17")
- Final Payment of $36,900.00 ("Month 18")

11  *Id.* at ¶ 13; Ex. G. Page three of the exhibit includes a "Payment Schedule" chart detailing the
12  agreed-upon schedule of payments, with $50,000 due on the last day of each month starting on
13  February 28, 2018. *Id.* at Ex. G.
14        On July 3, 2019, the parties entered into an amended payment schedule regarding the
15  remaining outstanding balance of $836,900 that Care LG owed to Accuray:

- Monthly Payments of $50,000.00 starting August 5, 2019 over the next 16 months
- Final Payment of $36,900.00 in month 17

18  *Id.* at ¶ 14; Ex. H. The amended agreement "supersede[d] all prior understandings, written and
19  oral, including the letter agreement between the parties dated November 2, 2017 relating a prior
20  payment plan." *Id.* at Ex. H. Page three of the exhibit includes an amended "Payment Schedule"
21  chart, with payments of $50,000 due on the 15th of each month starting on July 15, 2019. *Id.*
22        Care LG defaulted on the payments in September 2019. Compl. ¶ 15. The complaint
23  alleges that Care LG "failed to make the second monthly payment due on September 5, 2019." *Id.*
24  The July 3, 2019 payment schedule states that the second monthly payment was due on August 15,
25  2019, and the third monthly payment was due on September 15, 2019. *Id.* at Ex. H. On
26  September 19, 2019, Accuray sent a letter titled "Notice of Default" to Care LG which stated: "On
27  September 15, 2019, [Accuray] breached the [July 3, 2019] Letter Agreement by failing to make
28  payment pursuant to the agreed upon payment plan." *Id.* at Ex. J. The Notice of Default also

United States District Court
Northern District of California

1   included the language: "as of the date hereof, the [July 3, 2019] Letter Agreement is deemed void
2   and the remaining unpaid past due balance of $786,900.00 (the "Past Due Balance") is
3   immediately due and payable." *Id.*
4       Accuray filed a complaint against Care LG on September 13, 2023 in the Santa Clara
5   Superior Court alleging three causes of action: (1) breach of contract, (2) collection of account
6   receivable, and (3) account stated. Compl. ¶ 20-34. Care LG removed the case to federal court,
7   and now moves to dismiss all claims as barred by the statute of limitations.[1] Mot. 3.

## II.     APPLICABLE LAW

9       "A federal court sitting in diversity applies the substantive law of the state, including the
10  state's statute of limitations." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir.),
11  certified question answered, 227 Ariz. 121, 254 P.3d 360 (2011). The court has diversity
12  jurisdiction over this case. Notice of Removal ¶ 8-12. The case was brought in Santa Clara,
13  California. Compl. Therefore, the court applies California law.

## III.    DISCUSSION

15      Defendant argues that the case should be dismissed as untimely. It explains that the date of
16  breach, as alleged in the complaint, was September 5, 2019. Compl. ¶ 15. Plaintiff did not file a
17  complaint until September 13, 2023. Mot. 7. California's Code of Civil Procedure § 337 imposes
18  a four-year statute of limitations on "[a]n action upon any contract, obligation or liability founded
19  upon an instrument in writing." Cal. Civ. Proc. Code § 337. Therefore, Defendant concludes that
20  Plaintiff's complaint was filed 8 days late and is barred by the statute of limitations.
21      Plaintiff makes two arguments in response. [Docket No. 21 ("Opp'n").] First, Plaintiff
22  argues that the case was timely filed because the statute of limitations was tolled for 178 days
23  during the COVID-19 pandemic pursuant to California's Emergency Rule 9. Opp'n 9-11.
24  Second, Plaintiff argues that the statute of limitations did not begin to run until the date of breach
25  on September 20, 2023, because the Notice of Default on September 19, 2019 was an agreement

---

[1] Defendant makes a half-hearted argument that the complaint only pleads a claim for breach of contract and does not allege claims for account stated and common counts. Mot. 6. Plaintiff responds that the complaint pleads all three claims. Opp'n 9-10. Defendant appears to concede the issue as its reply is silent on this point.

3

1  to a new contract that was fully executed on September 20, 2019.  Opp'n 11-13.

### A.     COVID-19 Tolling

"On March 27, 2020, the Governor issued Executive Order No. N-38-20, which 'suspended any limitations in Government Code section 68115 or any other provision of law that limited the Judicial Council's ability to issue emergency orders or rules, and suspended statutes that may be inconsistent with rules the Judicial Council may adopt.'  Acting on that authority, on April 6, 2020, the Judicial Council adopted 11 emergency rules." *E.P. v. Superior Ct. of Yolo Cnty.*, 59 Cal. App. 5th 52, 55 (2020) (quoting *Stanley v. Superior Court*, 50 Cal. App. 5th 164, 167-168 (2020)).  Emergency Rule 9(a) states: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020."  Cal. R. Ct. App I R. R. Emergency Rule 9.  "Federal courts have consistently applied Emergency Rule 9 to toll the statute of limitations for California state law claims." *Varlack v. Ohio Sec. Ins. Co.*, No. 22-CV-02478-VC, 2023 WL 2012836, at *1 (N.D. Cal. Feb. 15, 2023) (citations omitted).

In its reply, Defendant argues that the Emergency Rules should not apply because they were enacted by the Judicial Council, not the legislature.  [Docket No. 22 ("Reply").]  Defendant does not cite any case that supports this position.  Reply 3.  Defendant's sole cited case, *Ables v. A. Ghazale Bros., Inc.*, found that a separate statute, Cal. Civ. Proc. Code § 583.350, was not triggered by the Emergency Rules to extend the deadline to file a complaint by an extra six months.  74 Cal. App. 5th 823, 828 (2022).  In fact, *Ables* applied the Emergency Rules to extend the deadline by 178 days.  *Id.*

Defendant also argues incoherently that Plaintiff cannot rely on Emergency Rule 9 because Plaintiff originally brought the same action against Defendant in Florida, only to voluntarily dismiss the action and refile in California.  Reply 3-4.  For starters, Defendant does not cite or ask the court to take judicial notice of that case.  Moreover, Defendant does not explain why the Florida complaint is relevant to the application of Emergency Rule 9.  Plaintiff brought this complaint in California court under California law.  Defendant does not dispute that California's statute of limitations law applies.  At most, Defendant appears to argue that Plaintiff was required

4

to exercise "reasonable diligence" in bringing the case in California before it could benefit from Emergency Rule 9.  Reply 4.  The Emergency Rules have no such requirement, and Defendant cites to no authority which imposes that requirement.  *See also Varlack,* 2023 WL 2012836, at *2 ("[The defendants] additionally argue that Emergency Rule 9 tolling is not automatic, so [the plaintiff] must establish that COVID-19 prevented him from filing his suit earlier. . . . [The defendants] have not cited any case from a California court imposing that requirement, and no federal court applying Emergency Rule 9 has imposed it either.").

Assuming that Defendant's breach according to the complaint was September 5, 2019, then Emergency Rule 9 would extend the deadline to file a complaint by 178 days: from September 5, 2023 to March 1, 2024.  Plaintiff filed a timely complaint on September 13, 2023.[2]

## IV. CONCLUSION

Defendant's motion to dismiss is DENIED.  The April 11, 2024 case management conference is vacated and continued to **May 15, 2024 at 1:30 p.m. by Zoom videoconference.** The parties shall file an updated joint case management conference statement by **May 8, 2024.**

**IT IS SO ORDERED.**

Dated: April 9, 2024

_____
Donna M. Ryu
Chief Magistrate Judge

---

[2] The court need not reach Plaintiff's second argument.

5